## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Miranda Lee Lufsky,                                  Case No. 0:24-cv-02530 (KMM/DTS)

                        Plaintiff,

v.                                                              **ORDER**

Patrick Flanagan, et al.

                        Defendants.

Before the Court are four motions by the various Defendants in this lawsuit to dismiss the claims brought against them by *Pro Se* Plaintiff Miranda Lee Lufsky. For the following reasons, Defendants' motions are **GRANTED**.

### I.    Background

This lawsuit centers around a dispute over parental custody. In September 2023, Washington County, Minnesota initiated a Child in Need of Protection or Services ("CHIPS") action involving Ms. Lufsky's children. See Ex. 1 to Olson Decl.[1] at 18. This Court will not summarize the events leading up to the filing of the CHIPS petition. The allegations of harm and abuse by Ms. Lufsky and by her associates that emerged in various

---

[1] Citations to the Olson Declaration refer to the Declaration of Jennifer Olson, filed at ECF 26, and its accompanying exhibits. While Ms. Lufsky's pleadings provide few discernable details about the actions of the defendants about which she complains, much of the relevant background for this litigation can be located in state court documents and other materials that are embraced by her pleadings. *See Cassell v. County of Ramsey*, No. 10-cv4981 (JRT/TNL), 2011 WL 7561261, at *4 n.21 (D. Minn. Nov. 2, 2011), *report and recommendation adopted by* 2012 WL 928242 (D. Minn. Mar. 19, 2012).

subsequent Washington County court orders are myriad and harrowing. *See generally* Exs. 3, 4 to Olson Decl. As part of these custody proceedings, the state court appointed Defendant Gemma Kirk as guardian ad litem for Ms. Lufsky's children, and Defendant Susan Drabek was similarly appointed to represent one of the children. *See* Ex. 3 to Olson Decl. at 2. In orders in January 2024 and March 2024, Judge Douglas Meslow and Judge Patrick Flanagan placed Ms. Lufsky's children under the custody and control of Washington County. Ex. 5 to Olson Decl. Both judges are named as defendants in this matter.

Ms. Lufsky initiated this action in June 2024 by filing her complaint. ECF 1. In August 2024, she filed an amended complaint. ECF 8 ("Am. Compl."). The Amended Complaint names 17 defendants, *id.* at 1, but contains very little by way of factual allegation or discussion about the circumstances giving rise to her lawsuit. Ms. Lufsky ultimately asserts at least the following causes of action: (1) violations of 18 U.S.C § 3571 because she has been "denied [the] right of reasonable defense arguments," "denied [the] right to truth in evidence," and been a victim of "fraud" and "theft/robbery"; (2) that she has been "denied provisions in the constitution['s] 5th Amendment"; (3) violations of 18 U.S.C. § 1001 for "falsification of documents"; (4) "conspiracy" under 18 U.S.C. § 241; (5) "extortion" under "18 USC 872." Am. Compl. at 5–6.

As discussed above, Ms. Lufsky's allegations have invited four separate motions to dismiss on behalf of various groupings of defendants.[2] First, the "State Defendants," which includes Minnesota Governor Timothy Walz, Judge Flanagan, Judge Meslow, Ms. Kirk, and Ms. Drabek. Second, the "Forest Lake Defendants," a group of Forest Lake Police Department employees that includes Mark Richert, Jon Glader, Matt Karnes, Nick Kent, and Carsen Johnson. Third, the "Washington County Defendants," a group of Washington County employees that include Leigh Yanish, Tricia Loehr, Desiree Marty, Kari Johnson, and Dan Starry. And fourth, Viet-Hanh Winchell, an individual attorney who states in her motion to dismiss that she was appointed by the Washington County court to represent one of the fathers of Ms. Lufsky's children. Ms. Lufsky has not opposed any of these motions, but she has filed two motions for summary judgment (ECF 7; ECF 67), both of which were denied as premature (ECF 47; ECF 77), as well as several requests for emergency injunctive relief that have been similarly denied by the Court, and one that was recently filed (ECF 80).[3]

---

[2] The Court notes that one named Defendant, Gregory Schmidt, has not moved to dismiss or responded in any way to this lawsuit. Ms. Lufsky identifies Mr. Schmidt as "sometime[s] acting as Washington County Public Defender." Am. Compl. at 4. His involvement in the lawsuit is not otherwise explained. She has filed a proof of service on an individual named Gregory Schmidt at what appears to be a residential address in Savage, Minnesota. *See* ECF 18 at 19–20. The Court has concerns about whether this service was made on the correct individual, but such concerns are ultimately immaterial. As explained below, Ms. Lufsky has not stated a viable claim against any Defendant in this lawsuit, including Mr. Schmidt, and so the claim against him will be dismissed even in the absence of an appearance or responsive pleading.

[3] Ms. Lufsky's most recent motion for an injunction is also denied. As discussed herein, Ms. Lufsky has failed to state a claim upon which any relief—injunctive or monetary—can be granted, and this lawsuit is being dismissed.

Each pending motion to dismiss identifies multiple bases in support of dismissal, but all cite the basic requirements of Federal Rule of Civil Procedure 12(b)(6). The Court will focus here.

## II.     Standard of Review

A defendant may seek to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard does not require the inclusion of detailed factual allegations in a pleading, but the complaint must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In applying this standard, the Court must assume the facts in the complaint to be true and take all reasonable inferences from those facts in the light most favorable to the plaintiff. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986); *see also Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2019). Furthermore, as a *pro se* litigant, Ms. Lufsky's complaint is given "liberal construction." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) ("'When we say that a *pro se* complaint should be given liberal construction, we mean that if the essence of an allegation is discernible ... then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.'") (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### III.    Discussion

Ms. Lufsky has failed to state a claim upon which any relief may be granted. This is not the only problem with her Amended Complaint, but it is the most glaring one. Ms. Lufksy's pleading is sparse and difficult to parse; however, it is clear that she is deeply upset about the ongoing custody action in the state courts. This custody proceeding and a sense that she is not beholden to state authority are the animating forces behind her Amended Complaint.

Simply put, Ms. Lufsky's Amended Complaint contains no factual allegations whatsoever to connect 15[4] of the 17 Defendants she has named in this lawsuit to any discernible harm, let alone tying them to any of the causes of action she asserts. Indeed, the only mention of these 15 Defendants in the Amended Complaint is in the case caption and then in a series of conclusory recitations regarding the monetary damages that Ms. Lufsky assigns to each. *See* Am. Compl. at 1–5. Among these 15 defendants, the Court can assume that Ms. Kirk and Ms. Drabek are named because of their direct involvement with Ms. Lufsky's children in the Washington County custody case. Nonetheless, Ms. Lufksy offers the Court no allegations that would explain what these defendants have done in the custody proceedings that has allegedly harmed her. For the remainder of these 15 defendants—which include all of the Forest Lake Defendants, the Washington County Defendants, Mr. Schmidt, and Ms. Winchell—there is simply no information at all

---

[4] These 15 Defendants include all of the Forest Lake Defendants, all of the Washington County Defendants, Ms. Winchell, Mr. Schmidt, and all of the State Defendants, except for Judge Flannagan and Judge Meslow.

explaining their involvement in the custody dispute, let alone stating a claim against them. Furthermore, nothing is made clearer about these 15 individuals' involvements by reading the 250-plus pages of accompanying documents that Ms. Lufsky filed alongside her Amended Complaint. In short, the Court is not able to discern, even granting the most liberal *pro se* interpretation to the Amended Complaint and its many attachments, what these 15 individuals are alleged to have done to Ms. Lufsky or that otherwise explains their presence in this lawsuit.

As for the two remaining defendants, Judges Flannagan and Meslow, it seems safe to assume that Ms. Lufsky has named them here because of their adjudicatory decisions in the state custody proceedings involving her children. *See* Am. Compl. at 6 (alleging that each judge "ordered the theft of property by armed men" and referring to exhibits that suggest her children are the "property" in question). These allegations at least make a connection between the two judges and the harm that the Court can discern in the Amended Complaint. But these cursory allegations are still far too threadbare to sustain a claim against either of these defendants. And in any event, the judges' actions in the custody dispute are plainly protected by judicial immunity. *See, e.g.*, *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020) ("Judicial immunity is immunity from suit. . . . '[A] judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'") (quoting *Mireles v. Waco*, 502 U.S. 9, 10 (1991)). Nothing in Ms. Lufsky's cursory allegations against either judge would plausibly trigger an exception to judicial immunity. *See id*.

(explaining that a judge is not immune from suit for actions taken in a non-judicial capacity or for judicial actions carried out in the "complete absence of all jurisdiction").

Because the Court cannot discern from the Amended Complaint, what, if anything, any of the named defendants has done to Ms. Lufsky that is plausibly actionable, this action is dismissed in its entirety. As for claims against Judges Flannagan and Meslow arising from their judicial roles in the state custody proceedings, this dismissal is with prejudice, as any such claims are plainly barred by judicial immunity. *See Edlund v. Montgomery*, 355 F. Supp. 2d 987, 991 (D. Minn. 2005) (dismissing "with prejudice and on the merits," claims against two judges for their judicial decisions, due to the obvious application of judicial immunity). As for the remaining defendants, the dismissal of claims against them is without prejudice.[5]

## IV.    ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that**:**

1. Defendants' Motions to Dismiss (ECF 22; ECF 30; ECF 36; ECF 58) are **GRANTED.**

2. Plaintiff Miranda Lee Lufsky's Amended Complaint (ECF 8) is **DISMISSED**. Consistent with the above Order, her claims against Defendants Flannagan and Meslow arising from their judicial actions as part of the custody case involving

---

[5] Although the dismissal of the remaining claims in this suit is without prejudice, based on the Court's review of the entire record, those claims are very likely entirely barred for the other reasons identified by the defendants in their motions to dismiss.

Plaintiff's children are dismissed with prejudice. All other claims are dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 26, 2025

*s/ Katherine M. Menendez*
Katherine M. Menendez
United States District Judge