UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Miranda Lee Lufsky, | Case No. 0:24-cv-02530 (KMM/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Patrick Flanagan, et al., | |
| Defendants. | |

Before the Court is *Pro Se* Plaintiff Miranda Lee Lufsky's Motion to Vacate Previous Judgment (ECF 86). For the following reasons, this motion is **DENIED**.

Ms. Lufsky brought her Complaint to this Court in June 2024. ECF 1. An amended complaint was filed shortly thereafter. ECF 8 ("Am. Compl."). The Amended Complaint named 17 defendants, asserting many causes of action under federal statutory and constitutional law. *See, e.g.*, *id*. at 5–6. Four separate motions to dismiss were filed by various groups of defendants. *See* ECF 84 (Order Granting Mot. to Dismiss) at 3. The Court granted each of these motions, concluding that Ms. Lufsky had failed to state a claim upon which any relief could be granted. *Id*. at 5. For 15 of the 17 defendants, the Court observed that Ms. Lufsky had failed to allege any facts that would connect them to any of the causes of action she asserted. *Id*. The Court found that the two remaining defendants were protected by judicial immunity, even if Ms. Lufsky had alleged sufficient facts to state a claim against them. *Id*. at 6. For the former group of 15 defendants, the Court dismissed Ms. Lufsky's claims without prejudice. *Id*. at 7–8. For the latter two defendants, the Court

ordered dismissal with prejudice. *Id*. Judgment was thereafter entered by the Clerk of Court, consistent with the Court's Order. *See* ECF 85 at 1 (Civil Judgment).

Ms. Lufsky now "moves this court to vacate previous judgment and grant my entire claim for relief for damages." ECF 86 at 2. The Court liberally construes this filing as both a motion pursuant to Federal Rule of Civil Procedure 60 to vacate the judgment at ECF 85 and a motion for reconsideration of the Court's order granting dismissal at ECF 84. The Court will briefly consider each request in turn.

***Motion to vacate***: Under Federal Rule 60(b), a party may seek relief from a "final judgment, order or proceeding" for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). But Ms. Lufsky's motion does not raise anything that would justifiably lead the Court to vacate the judgment. Her entire motion is two pages, and the basis for her request is cabined to seven bullet points on the first page. *See* ECF 86 at 1. These bullet points mostly make legally erroneous complaints about the Court's actions and the way it construed Ms. Lufsky's allegations in the Amended Complaint. *See id*.

2

(complaining that the Court did not order the Defendants to file an Answer in addition to their motion to dismiss; that the Court characterized her "claim" as a "complaint"; that the Court's Order deprived her of the jury trial she had demanded). Other bullet points are difficult to parse but nevertheless do not implicate any basis for vacating the judgment under Rule 60. None of Ms. Lufsky's arguments justify vacating the judgment at ECF 85.

***Motion for Reconsideration***: Under Local Rule 7.1(j), a party seeking reconsideration of an order must first obtain permission to file a motion for reconsideration. D. Minn. LR 7.1(j). A party is only granted permission to file such a motion when it has shown "compelling circumstances." *Id*. Motions for reconsideration serve the limited purpose of "correct[ing] manifest errors of law or fact or . . . present[ing] newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). Here, Ms. Lufsky never sought permission to file a motion for reconsideration of the Court's order granting dismissal, and so any request for reconsideration in the pending motion is barred under the Local Rules. And if Ms. Lufsky's pending motion is construed as a request to file a motion for reconsideration it is denied as failing to show compelling circumstances. Ms. Lufsky's motion does not point to new evidence that warrants a different decision from the Court regarding the Defendants' motions to dismiss. And to the extent that Ms. Lufsky contends that the Court made "manifest errors of law or fact" in not ordering the Defendants to file an Answer, the Court disagrees. Rule 12 clearly allows a defendant to file a motion to dismiss in lieu of answering a complaint. *See* Fed. R. Civ. P. 12(b). Because

3

the Court granted Defendants' motions and dismissed this case pursuant to Rule 12, Defendants were under no obligation to file any responsive pleadings.

Ms. Lufsky's motion (ECF 86) is therefore **DENIED**.

Date: September 5, 2025

*s/ Katherine M. Menendez*
Katherine M. Menendez
United States District Judge

4